UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADAM ROVINELLI and JENNIFER CARLOS, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>     Plaintiffs,<br><br>v.<br><br>TRANS WORLD ENTERTAINMENT CORPORATION,<br><br><br>     Defendant | CIVIL ACTION NO. 19-CV-_____ |

## NOTICE OF REMOVAL

Defendant Trans World Entertainment Corporation ("Trans World" or "Defendant"), pursuant to 28 U.S.C. § 1453, removes this action to this Court, respectfully stating the following in support:

1. Trans World is the named defendant in a civil action pending in the Superior Court of the Commonwealth of Massachusetts, Hampden County, captioned *Adam Rovinelli and Jennifer Carlos, Individually and on Behalf of All Other Persons Similarly Situated v. Trans World Entertainment Corporation*, Civil Action No. 1979CV00331 (the "Action").

2. The action is removable to this Court pursuant to 28 U.S.C. § 1453 in that, as shown below, it is one over which the district courts of the United States have original jurisdiction under 28 U.S.C § 1332(d)(2), because it is filed as a class action under the Massachusetts rule similar to Federal Rule of Civil Procedure 23, the Plaintiffs and Defendant are citizens of different states, and the matter in controversy exceeds the sum or value of $5,000,000.

3. Plaintiffs Adam Rovinelli and Jennifer Carlos are alleged to be individuals who reside in the Commonwealth of Massachusetts.

4. Trans World is a New York corporation with a principal place of business in Albany, New York.

5. Trans World has a good faith belief, based on the allegations in the Complaint in the Action, that the matter in controversy exceeds $5,000,000 as follows:

   a. Plaintiffs allege that Trans World "used highly aggressive sales tactics to charge thousands of consumers for, and profit millions of dollars from, bogus 'loyalty memberships' and magazine subscriptions," through allegedly "deceptive and misleading" marketing practices. (Compl. at 1 ("Nature of the Action").)

   b. The Complaint alleges three theories of recovery. Count I alleges a violation of Mass. Gen. L. ch. 93A. Count II seeks recovery under a theory of unjust enrichment. Count III alleges common law conversion.

   c. Based on the foregoing three causes of action, Plaintiffs seek to recover actual damages, statutory damages, double or treble damages, disgorgement of profits, restitution and/or equitable monetary relief, attorneys' fees, costs, expenses, and pre- and post-judgment interest (Compl. ¶¶ 76, 82, and *Ad Damnum* Clause), all on behalf of a class of "all FYE customers in Massachusetts who made an in-store purchase using a debit or credit card and were subsequently charged for VIP Backstage Pass memberships and/or magazine subscriptions." (Compl. ¶ 54.) Plaintiffs essentially seek to recover refunds of the amounts paid for allegedly unauthorized loyalty memberships and/or magazine subscriptions throughout the limitations period for each claim. (*See* Compl. ¶¶ 27, 34, 57.)

d. Plaintiffs have conspicuously failed to specifically allege a monetary amount of damages.  Based on Trans World's own investigation, however, although Plaintiffs are not entitled to recover any of the alleged damages they are seeking, those alleged damages exceed $5 million:

   i. Mass. Gen. L. ch. 93A is subject to a four-year statute of limitations. Based on Trans World's investigation and upon information and belief, over the approximately four years preceding the filing of the Complaint, FYE customers in Massachusetts were billed a total of approximately $4.3 million for loyalty memberships and magazine subscriptions combined, net of refunds.  Trebling that amount, as Plaintiffs seek to do under Chapter 93A, brings the amount of damages sought to almost $13 million. Thus, even without considering costs and attorneys' fees and other types of relief sought by Plaintiffs, the amount in controversy far exceeds $5 million.

   ii. Alternatively, unjust enrichment claims in Massachusetts are subject to a six-year statute of limitation.  Based on Trans World's investigation and upon information and belief, over the approximately six years preceding the filing of the Complaint, FYE customers in Massachusetts were billed a total of approximately $8.1 million for loyalty memberships and magazine subscriptions combined, net of refunds.  Again, even without considering costs and attorneys' fees and other types of relief sought by Plaintiffs, the total of these amounts exceeds $5 million.

6. The Summons and Complaint in this matter were served upon Defendant less than 30 days prior to the filing hereof, on or about May 13, 2019. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446.

7. Attached hereto as Exhibit A are copies of the Summons, Civil Tracking Order, Civil Action Cover Sheet, and Complaint, which are the only process, pleadings, or orders served upon Defendant, along with a stipulation extending Defendant's time to respond to the Complaint.

8. Pursuant to 28 U.S.C. § 1446(d), Defendant is serving Plaintiffs with written notice of this removal, attached hereto as Exhibit B.

9. In accordance with Local Rule 81.1(a) of the United States District Court for the District of Massachusetts, Defendant will file a copy of this Notice of Removal with the Superior Court of the Commonwealth of Massachusetts, Hampden County, and will file or cause to be filed with the Clerk of this Court certified or attested copies of the State Court record (Exhibit C, Notice of Removal to Hampden Superior Court).

WHEREFORE, Defendant Trans World Entertainment Corporation requests that this action proceed as an action removed to this Court.

Respectfully submitted,

TRANS WORLD ENTERTAINMENT
CORPORATION,
By its attorneys,


    /s/ Christopher J. Marino
Christopher J. Marino, Esq. (BBO #655007)
cmarino@davismalm.com
James E. Gallagher, BBO #677588
jgallagher@davismalm.com
DAVIS, MALM & D'AGOSTINE, P.C.
One Boston Place, 37th Floor
Boston, MA 02108
(617) 589-3833

Dated: June 12, 2019

## CERTIFICATE OF SERVICE

    I hereby certify that this document is being filed through the ECF system on this 12th day of June, 2019, and that it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

    /s/ Christopher J. Marino
Christopher J. Marino, Esq.
